**ZEFF LAW FIRM LLC**
Gregg L. Zeff, Esquire, # 042531988
Eva C. Zelson, Esquire, # 153832015
Derek J. Demeri, Esquire # 363922021
100 Century Parkway
Mt. Laurel, NJ 08054
(856) 778-9700 (t)
(609) 534-0992 (f)
gzeff@glzefflaw.com                                    *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MONICA MADIN<br>773 Main Road<br>TOWACO, NEW JERSEY 07082 | CIVIL ACTION NO. |
| *Plaintiff,* | JURY TRIAL DEMANDED |
| v. | |
| MORRIS COUNTY, NEW JERSEY,<br>TOWNSHIP OF PARSIPPANY,<br>POLICE CHIEF ANDREW Miller and<br>JOHN DOE(s) | |
| *Defendants.* | |

## CIVIL COMPLAINT

### PARTIES

1. Plaintiff Monica Madin is an individual residing at the above address. At all times relevant hereto, Plaintiff Madin was and is a citizen of the State of New Jersey.

2. Defendant City of Parsippany is a municipal government formed and existing under the rules and laws of the State of New Jersey. Defendant City of Parsippany has within its control a unit known as the Parsippany Troy Hills Police Department.

3. Defendant, Police Chief Andrew Miller is and was at all times herein, an employee of Defendant City of Parsippany- Troy Hills Police Department, responsible for

administration, promulgation and enforcement of all rules and laws applicable to the Parsippany Police Department.

## STATEMENT OF FACTS

4. On or around February 7, 2020, Plaintiff was a victim of domestic violence at her residence.

5. Plaintiff reported the domestic violence to Parsippany Troy-Hills Police Department.

6. On February 8, 2020, the perpetrator involved in the domestic violence incident was arrested.

7. Plaintiff was assured by police officers that this incident would be kept private and confidential in exchange for her cooperation. In fact, New Jersey law requires that the name and any identifying information of a victim of domestic violence remain confidential. See, N.J.S.A. 2C:25, et. seq.

8. Plaintiff considered the matter to be private.

9. Within hours of the arrest, Plaintiff's name and a police report regarding the incident had been released to the press. Subsequently, a description of the events that led to the domestic violence incident, including Plaintiff's identity and facts personal and confidential to her, were made public.

10. The only persons with knowledge of the domestic violence incident were the Parsippany Troy-Hills Police Department – agents of the Defendant, City.

11. The Morris County Prosecutor's Office has begun an investigation related to the publication in breach of confidentiality, but has provided no information relating to the name of the individual or individuals responsible for breaching confidentiality.

12. Defendants' agents wrongfully assured Plaintiff on numerous occasions that her privacy and confidentiality would be protected but failed to provide privacy pursuant to the statutory right due to her.

13. As a result, Plaintiff's private information has been revealed to the public in violation of New Jersey law.

14. Plaintiff has timely filed a notice of torts claim related to this matter.

15. Plaintiff at this time, cannot identify the specific individual or individuals responsible and, as a result, has named John Doe(s).

16. However, Plaintiff is aware that the chief of police of Parsippany Andrew Miller, knew or should have known of the arrest and is responsible for any information that may have been leaked from the police department.

17. As a result of Defendants' wrongful disclosure of facts related to Plaintiff being a victim of domestic violence, Plaintiff has suffered damages.

## FIRST CAUSE OF ACTION
## NEW JERSEY TORT CLAIMS ACT NEGLIGENCE

18. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

19. Plaintiff has complied with the notice requirements of the Tort Claims Act, N.J.S.A. 59:1-1 et seq.

20. Defendants owed numerous duties to Plaintiff.

21. By its acts and omissions, Defendants violated its duty of care owed to Plaintiff.

22. Defendants acted with gross negligence and/or recklessly.

23. By its acts and omissions, Defendants proximately caused permanent injuries to Plaintiff, including substantial emotional, economic, psychological, and/or psychiatric harm.

24. Defendants' acts and omissions were a material element and/or a substantial factor in bringing harm about to Plaintiff. The harms sustained by Plaintiff were reasonably foreseeable.

25. By the foregoing, Defendant is liable for Plaintiff's injuries pursuant to N.J.S.A. 59:1-1 et seq.

   **WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, and attorney's fees.

### SECOND CAUSE OF ACTION
### PUBLICATION OF PRIVATE FACTS

24. Plaintiff incorporates the previous paragraphs of this Complaint as if the same were set forth herein at length.

25. The fact that Plaintiff had been a victim of domestic violence was private.

26. Defendants, without justification, published, disseminated and/or caused to be published the private fact that Plaintiff was a victim of domestic violence.

27. Defendants' publication of this private fact would be offensive to a reasonable person.

28. Defendants' publication of this private fact was highly offensive to Plaintiff.

29. There was and is no legitimate public interest in being apprised of the facts published.

30. As a result of Defendants' publication of private facts, Plaintiff has suffered damages.

   **WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, and attorney's fees.

## THIRD CAUSE OF ACTION
### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT: SUBSTANTIVE DUE PROCESS

31. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein. Each of the foregoing paragraphs is incorporated, as if fully set forth herein.

32. At all times relevant herein, Plaintiff had and has a protected property interest in private facts relating to her status as a victim in a domestic violence incident.

33. Defendants' actions in disseminating and/or publishing this fact were arbitrary and capricious and done for oppressive reasons.

34. Defendants acted under the color of state law.

35. The actions of Defendants violate Plaintiffs rights pursuant to N.J.S.A. 10:6-1 et. seq.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, and attorney's fees.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. SECTION 1983: SUBSTANTIVE DUE PROCESS

36. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein. Each of the foregoing paragraphs is incorporated, as if fully set forth herein.

37. At all times relevant herein, Plaintiff had and has a protected property interest in private facts relating to her status as a victim in a domestic violence incident.

38. Defendants' actions in disseminating and/or publishing this fact were arbitrary and capricious and done for oppressive reasons.

39. Defendants acted under the color of state law.

40. The actions of Defendants violate Plaintiffs rights pursuant to 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, and attorney's fees.

ZEFF LAW FIRM, LLC

/s/<u>Gregg L. Zeff, Esq.</u>

Gregg L. Zeff, Esquire<br>*Attorneys for Plaintiff*

Dated: January 28, 2022

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

ZEFF LAW FIRM, LLC

_____

Gregg L. Zeff, Esquire<br>*Attorneys for Plaintiff*

Dated: January 28, 2022