UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MONICA MADIN** <br><br> **Plaintiff,** <br><br> v. <br><br> **MORRIS COUNTY, NEW JERSEY TOWNSHIP OF PARISPPANY, POLICE CHIEF ANDREW MILLER and JOHN DOE(s),** <br><br> **Defendants.** | Civ. No. 2:22-00436 (WJM) <br><br> **OPINION** |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

In this suit by Plaintiff Monica Madin ("Plaintiff" or "MM") to hold Defendants Township of Parsippany ("Township") and Police Chief Andrew Miller ("Chief Miller") (jointly "Defendants") liable for improperly releasing to the public information regarding an incident of domestic violence, Defendants move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 7. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions, and for the reasons set forth below, Defendants' motion to dismiss is **granted**. The Complaint is **dismissed without prejudice.**

**I.    BACKGROUND**

On or about February 7, 2020, Plaintiff was a victim of domestic violence at her residence. Compl., ¶ 4, ECF No. 1. Plaintiff reported the incident to the Parsippany Troy-Hills Police Department ("Township Police") and on February 8, 2020, the perpetrator of the domestic violence, her husband Khaled Madin ("Mr. Madin"), was arrested. *Id.* at ¶¶ 5, 6.

On February 9, 2020, the New Jersey Globe released an article on its website ("Globe Article") that reported that following a call made by neighbors, the Township Police was investigating an incident that led to the arrest of Mr. Madin, a Township Municipal Clerk, on domestic violence charges. Globe Article attached as Ex. 2 to Cert. of R. Scott Fahrney ("Fahrney Cert."), ¶ 5; ECF No. 7-2. The Globe Article revealed that Mr. Madin's wife, Monica Madin, was the municipal prosecutor. *Id.*

In a subsequent May 6, 2020 article about Mr. Madin's domestic violence charge ("Daily Record Article"), the Morristown Daily Record wrote that the Township Police reports only referenced the alleged victim by the initials, "M.M." but also identified Mr. Madin as married to Monica Madin. *See* Parsippany NJ town clerk faces gun ban from domestic violence charges (dailyrecord.com), https://www.dailyrecord.com/story/news/crime/morris-county/2020/05/06/parsippany-nj-clerk-faces-gun-ban-domestic-violence-charges/3080082001/.

Plaintiff alleges that her name and a police report had been released to the press "within hours of the arrest" despite purported assurances from Township Police that the incident would be kept private. Compl., ¶ 9. The Morris County Prosecutor's Office investigated the claimed breach of confidentiality but has not identified any specific individual responsible for the release of private information. *Id.* at ¶¶ 11, 15. Plaintiff concludes that the "only persons with knowledge of the domestic violence incident were" the Township Police, *id.* at ¶ 10, and that Chief Miller "knew or should have known of the arrest and is responsible for any information that may have been leaked" from Township Police. *Id.* at ¶ 16.

On January 28, 2022, Plaintiff filed suit seeking to hold Defendants liable for: negligence in violation of the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1, *et seq.* (First Count); publication of private facts (Second Count); dissemination and/or publishing of private facts in violation of substantive due process under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1, *et. seq.* (Third Count) and under 42 U.S.C. § 1983 (Fourth Count).

Defendants move to dismiss each of the counts in Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Standard

A complaint survives a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the Plaintiff states a claim for relief that is "plausible on its face." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 547 (2007). The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Courts accept all factual allegations as true and draw "all inferences from the facts alleged in the light most favorable" to plaintiffs. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Courts do not accept "legal conclusions" as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those

documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). For purposes of deciding a motion to dismiss, materials such as press releases, magazine and newspaper articles may be taken into account if plaintiff relies on them in the complaint, as is the case in this matter. *See J/H Real Estate Inc. v. Abramson*, 901 F. Supp. 952, 955 (E.D. Pa. 1995); *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### B. 42 U.S.C. § 1983 and New Jersey Civil Rights Claims

Under *Monell*, §1983 liability against local governing bodies cannot be "for an injury inflicted solely by its employees or agents" and instead attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978); *McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009). That is, municipal liability "must be founded upon evidence that the government unit itself supported a violation of" federal constitutional or statutory rights. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Monell*, 436 U.S. at 691-95). A plaintiff must demonstrate that through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. *Monell*, 436 U.S. at 689. "The legal principles governing the liability of a municipality under the [New Jersey Civil Rights Act] and § 1983 are essentially the same." *Winberry Realty Partnership v. Borough of Rutherford*, 247 N.J. 165, 190, 253 A.3d 636, 650 (2021).

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Id.* (citing *Monell*, 436 U.S. at 690). "In either of these cases, it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Id.*

Here, Plaintiff has not established a prima facie claim for municipal liability under 42 U.S.C § 1983 or the New Jersey Civil Rights Act for dissemination of private facts relating to her status as a victim in a domestic violence incident. Based solely on the contention that Miller knew or should have known about the incident of domestic violence, Plaintiff summarily concludes, without any factual support, that Miller is responsible for any leaked information. Plaintiff fails to identify any Parsippany official governmental "policy or custom" that resulted in the deprivation of Plaintiff's constitutional rights as

required for §1983 municipal liability under *Monell*. Even assuming that Miller is a policymaker, and that Defendants were responsible for disseminating private information, by Plaintiff's own admission, the Township's "custom and practice" is in fact to *withhold* the names of victims of domestic violence from public disclosure. Pl.'s Opp'n Br. at 7, n.3, ECF No. 11. Plaintiff has failed to allege any facts that show or even suggest that the Township's custom or policy was responsible for the alleged constitutional violation.

Next, under the *Monell* liability analysis, Plaintiff is required but has failed to establish causation, that is, a "plausible nexus" or "affirmative link" between the municipality's custom and "specific deprivation of constitutional rights at issue." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 507 (3d Cir.1985). Plaintiff has not identified the specific individual(s) responsible for the information leak. Instead, Plaintiff accuses Defendants of leaking the information based solely on her belief that only the Township Police knew of the domestic violence incident. However, according to the Globe Article, "neighbors" also knew of the domestic violence incident and called the police. Additionally, the Daily Record Article wrote that it obtained information from other sources - "township police reports" and "court documents" that also indicate that there was a child witness to the incident.

Notwithstanding these alternate means of information, Plaintiff dismisses these as possible sources of the information leak and argues that pursuant to N.J.S.A. 2C:25-33, any witnesses would not have had access to confidential records protected under the Prevention of Domestic Violence Act ("PDVA"), N.J.S.A. 2C:25-17, *et seq.* Although N.J.S.A. 2C:25-33 does provide that "[a]ll records maintained pursuant to this act shall be confidential," the confidentiality "is restricted to the records maintained by the Superior Court Clerk." *Pepe v. Pepe*, 258 N.J. Super. 157, 164 (Ch. Div. 1992). Similarly, New Jersey Court Rule 1:38-3, cited by Plaintiff, refers to the exclusion from public access to the names and addresses of domestic violence victims in *court* records. Moreover, the confidentiality provision of N.J.S.A. 2C:25-33 is not absolute; "the court may permit access to that which has been designated confidential by statute" by making a "case by case determination of the need for disclosure in order to narrowly tailor the confidentiality restrictions to the governmental interest served." *Pepe*, 258 N.J. Super. at 165-66. Nonetheless, even if records of domestic violence are confidential, the Daily Record was evidently able to obtain information regarding KM's domestic violence charge from police and court records of the incident.

Plaintiff further concludes that it is "much more likely" that Defendants were responsible for disseminating the information at issue to the press because the Globe Article was published "quickly." However, as reported in that article, neighbors called the police and could have also contacted the media. Under the Open Public Records Act, N.J.S.A. 47:1A-1, *et seq.*, "information concerning a criminal investigation shall be available to the public within 24 hours or as soon as practicable, of a request for such information …." N.J.S.A. 47:1A-3(b); *see also* 2022 New Jersey Senate Bill No. 2359, New Jersey Two Hundred Twentieth Legislature - First Annual Session, 2022 New Jersey

4

Senate Bill No. 2359, New Jersey Two Hundred Twentieth Legislature - First Annual Session ("Current law [Open Public Records Act] specifically provides that the name, address, and age of any victims of crime are public record. This bill would delete that provision and clarify that all manner of personal identifying information of violent crime victims and witnesses are confidential for purposes of public records requests to bolster the safety and privacy of violent crime victims and witnesses.")

While the Court must accept all factual allegations as true, Plaintiff has only provided bald-faced conclusions based on assumptions rather than plead any facts to support a causal link between Defendants and any alleged deprivation of Plaintiff's constitutional rights. Accordingly, Plaintiff's federal and state civil rights claims in Counts III and IV fail as a matter of law and are therefore **dismissed without prejudice.**

### C. Tort Claims

As discussed above, the Complaint assumes but does not allege any facts to show that Defendants caused the dissemination of private information to the press. Because causation is also a necessary element of Plaintiff's tort claims, Counts I and II are also **dismissed without prejudice.**

### III. CONCLUSION

For the reasons noted above, Defendants' motion to dismiss is **granted**. The Complaint is **dismissed without prejudice.** Plaintiff's request for leave to file an amended pleading is **granted**. Plaintiff may file an amended complaint curing the defects discussed herein within 30 days of the date of this Opinion. If Plaintiff fails to do so, the Complaint shall be **dismissed with prejudice.**

WILLIAM J. MARTINI, U.S.D.J.

August 9, 2022