UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MONICA MADIN**<br><br>**Plaintiff,**<br><br>v.<br><br>**MORRIS COUNTY, NEW JERSEY TOWNSHIP OF PARISPPANY, POLICE CHIEF ANDREW MILLER and JOHN DOE(s),**<br><br>**Defendants.** | Civ. No. 2:22-00436 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this action for negligence under New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*, publication of private facts, and violations of the New Jersey Civil Rights Act and 42 U.S.C. § 1983, Defendants Township of Parsippany ("Township") and Police Chief Andrew Miller ("Chief Miller") (jointly "Defendants") move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint filed by Plaintiff Monica Madin ("Plaintiff"). ECF No. 18. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions and for the reasons set forth below, Defendants' motion to dismiss is **granted** as to Plaintiff's civil rights claims and **dismissed as moot** as to Plaintiff's pendent state law tort claims.

**I.     BACKGROUND**

The facts underlying this matter are more fully set forth in the Court's August 9, 2022 Opinion, ECF No. 15 ("August Opinion"), familiarity with which is assumed. In brief, this action arises out of an incident on or about February 7, 2020 in which Plaintiff was a victim of domestic violence at her residence. Amended Compl. ("AC"), ¶ 4, ECF No. 1. After Plaintiff reported the incident to the Parsippany Troy-Hills Police Department ("Township Police"), Plaintiff's husband Khaled Madin was arrested on February 8, 2020 as the perpetrator of the domestic violence. *Id.* at ¶¶ 5, 6. That news was reported on February 9, 2020 in the New Jersey Globe website and again in a May 6, 2020 article in Morristown Daily Record. Plaintiff seeks to hold Defendants liable for the release to the public of information regarding the domestic violence. Plaintiff alleges that her name and a police report had been released to the press "within hours of the arrest" despite purported assurances from Township Police that the matter would be kept private. AC, ¶ 13.

In the August Opinion, the Court granted Defendants' first motion to dismiss finding that Plaintiff had not stated a claim under 42 U.S.C. § 1983 or the New Jersey Civil Rights Act because she failed to identify any governmental policy or custom that caused the deprivation of constitutional rights. The Court also concluded that Plaintiff had failed to allege any facts to show causation, a necessary element of Plaintiff's tort claims. With permission from the Court, Plaintiff filed the Amended Complaint on September 8, 2022, ECF No. 17, which Defendants now move to dismiss with prejudice.

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Standard

A complaint survives a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the Plaintiff states a claim for relief that is "plausible on its face." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 547 (2007). The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Courts accept all factual allegations as true and draw "all inferences from the facts alleged in the light most favorable" to plaintiffs. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Courts do not accept "legal conclusions" as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### B. 42 U.S.C. § 1983 and New Jersey Civil Rights Claims (Counts Three and Four)

In the Amended Complaint,[1] Plaintiff newly alleges, *inter alia,* that "the Mayor of Parsippany improperly released Plaintiff's private information" to the press. AC, ¶ 16. Even accepting as true that the Parsippany Mayor released information regarding the incident of domestic violence, which Defendants dispute, there can be no §1983 liability against local governing bodies on the basis of respondent superior "for an injury inflicted solely by its employees or agents." *Monell v. Dep't. of Social Serv. Of City of New York*, 436 U.S. 658, 694 (1978). Municipal liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.*; *McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009). Additionally, "a municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, (1989) (citing *Monell*, 436 U.S. at 694)). "The legal principles governing the liability of a municipality

---

[1] Plaintiff's suit appears to be against Miller in his official capacity. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

2

under the [New Jersey Civil Rights Act] and § 1983 are essentially the same." *Winberry Realty Partnership v. Borough of Rutherford*, 247 N.J. 165, 190 (2021).

In this matter, nowhere in the Amended Complaint does Plaintiff identify any official policy or custom as the "moving force" behind the constitutional violation alleged here. Instead, only in Plaintiff's opposition brief does she seem to suggest that the Township failed to train or supervise its employees and requests that discovery be permitted to establish that Chief Miller knew or should have known about the arrest for domestic violence and was the source of the leaked information. *See* Pl.'s Opp'n Br., at 6. However, even if the failure to train had been properly pled, Miller's knowledge of the arrest is not dispositive of whether there was a failure by the Township to train that resulted in a constitutional injury. As explained by the Supreme Court,

> That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. ...And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.

*Canton*, 489 U.S. at 390-91. Hence, § 1983 liability for a municipality's failure to train its employees requires "'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Canton*, 489 U.S. at 388). "Only then 'can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.'" *Id.* (citing *Canton*, 489 U.S. at 389). The Amended Complaint does not allege that the municipality failed to train its employees or set forth any factual allegations that show that any such failure demonstrates deliberate indifference to the constitutional rights of others. Thus, Plaintiff has not sufficiently pled a claim for municipal liability under 42 U.S.C § 1983 or the New Jersey Civil Rights Act. Defendants' motion to dismiss Counts Three and Four is **granted.**

Because the same deficiency warranted dismissal of the federal and state civil rights claims in Plaintiff's initial Complaint, it would be futile to allow Plaintiff to amend her Amended Complaint yet again. *See Phillips,* 515 F.3d at 245 ('if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."). Counts Three and Four of Plaintiff's Amended Complaint will be **dismissed with prejudice.**

### C. Tort Claims (Counts One and Two)

In the remaining claims, Plaintiff asserts that Defendants liable for negligence under the New Jersey Tort Claims Act and for the publication of private facts. These are state law claims over which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Where, as here, "the district court has dismissed all claims over which it has original

3

jurisdiction," a district court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Kach v. Hose,* 589 F.3d 626, 650 (3d Cir. 2009). "The decision to retain or decline jurisdiction over state-law claims is discretionary." *Kach,* 589 F.3d at 650. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, n.7 (1988).

In this case, the action has progressed only to the motion to dismiss stage. Because the Court is dismissing the sole federal claim over which it has original jurisdiction, there is no reason why fairness to the litigants and convenience to the parties weighs in favor of exercising supplemental jurisdiction. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See, e.g., Chey v. LaBruno,* __ F. Supp. 3d __, 2022 WL 2188034, at *17 (D.N.J. 2022); *Hall-Wadley v. Maintenance Dept.,* 386 F. Supp. 3d. 512, 519-20 (E.D. Pa. 2019). Plaintiff's state law claims of negligence (Count One) and publication of private facts (Count Two) are **dismissed without prejudice.** *See Rumley v. Democracy Prep,* 811 Fed. Appx. 805, 808 (3d Cir. 2020). Plaintiff may refile her state law tort claims in the appropriate state court. Consequently, this Court need not address Defendants' motion to dismiss the state law tort claims.

### III. CONCLUSION

For the reasons noted above, Defendants' motion to dismiss is **granted** as to Plaintiff's civil rights claims and **dismissed as moot** as to Plaintiff's state law tort claims. The state law tort claims are **dismissed without prejudice.**

                                               */s/ William J. Martini*
                                              **WILLIAM J. MARTINI, U.S.D.J.**

November 14, 2022